IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**LANCE YOUNG**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

Civil No.:  5:16CV109
Criminal No.: 5:05-CR-63
(JUDGE STAMP)

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On July 5, 2016, Lance D. Young ("Petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:16cv109, ECF No.1; 5:05cr63Doc. No. 355).[1] On July 5, 2016, the Clerk of Court issued a Notice of Deficient Pleading. ECF No. 357. On July 29, 2016, Petitioner filed his § 2255 Motion on the Court-approved form. ECF No. 360. The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

**I. Procedural History**

**A. Conviction and Sentence**

---

[1] From this point forward, all Document Numbers refer to Petitioner's Criminal Action.

1

On October 16, 2006, after a four-day trial, Petitioner was convicted of four out of five counts from a five-count indictment:[1] Count One, conspiracy to possess with intent to distribute in excess of 100 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); Count Two, possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C); Count Three, aiding and abetting the possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2; and Count Five, possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On January 16, 2007, Petitioner was sentenced to three hundred sixty (360) months imprisonment on Counts One, Two and Three, concurrent with another, and sixty (60) months imprisonment on Count Five, consecutive to the term of imprisonment for Counts One, Two and Three, to be followed by eight years supervised release.

**B.    Direct Appeal**

On January 24, 2007, Petitioner filed a Notice of Appeal. ECF No. 217. On appeal, Petitioner contended that the District Court erred in denying his motions to suppress. On May 15, 2008, the judgment of the District Court was affirmed by the Fourth Circuit in an unpublished *per* curiam opinion. ECF No. 244. Petitioner filed a petition for rehearing *en* banc, which was denied June 30, 2008. ECF No. 247. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on November 7, 2008. ECF No. 77, 4th Cir. 07-0213.

**C.    First § 2255 Motion**

---

[1] Petitioner was acquitted on Count Four, possession of approximately 6.69 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).

2

The Petitioner filed his first motion to vacate under § 2255 on October 29, 2009, raising four grounds for relief. ECF No. 253. On February 11, 2011, former United States Magistrate Judge John S. Kaull issued a Report and Recommendation ("R&R"), recommending that the Petitioner's § 2255 motion be denied. ECF No. 290. On February 13, 2012, the Court entered an Order adopting the R&R and dismissing the § 2255 motion. ECF No. 298.

In response, Petitioner then filed a motion to amend the judgment. ECF No. 300. In support of his motion, Petitioner argued: (1) the Court's decision was contrary to established law; (2) the Court erred by making unreasonable presumptions regarding the ineffective assistance of counsel claims; (3) the Court erred in applying <u>Strickland v. Washington</u>, 466 U.S. 668 (1994); (4) the Court erred in presuming that the performance of appellate counsel was effective; and (5) the Court overlooked errors in the indictment. Respondent did not file a response to the motion to amend. Petitioner then filed a motion to amend issue under recent Supreme Court authority and to appoint counsel. ECF No. 304. In this motion, Petitioner asserted that <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>. 132 S. Ct. 1399 (2012), are changes in the law which require the Court to reconsider its denial of his § 2255 petition. On September 25, 2014, the Court denied Petitioner's motion to amend judgment. ECF No. 321.

On November 17, 2014, Petitioner filed a Notice of Appeal. ECF No. 328. On April 27, 2015, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed the appeal. ECF No. 335. On September 3, 2015, the Fourth Circuit recalled its mandate, and accepted a petition for rehearing and rehearing *en banc* as timely filed. ECF No. 337. On September 22, 2015, the Fourth Circuit denied the petition for

rehearing and rehearing *en banc*. ECF No. 339.  Mandate issued on September 30, 2015. ECF No. 340.

D. <u>Second § 2255 Motion</u>

On March 4, 2016, the Clerk's office in Wheeling received a letter addressed to the Public Defender but sent to the Clerk's Post Office Box. The letter inquired about the decision issued in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Following protocol, the Clerk mailed Petitioner a Notice of Deficient Pleading with this Court's form § 2255 Motion enclosed with instructions that the form must be completed and returned within twenty-one days.

On April 15, 2016, United States Magistrate Judge Robert W. Trumble reviewed the file and determined that Petitioner had not filed the form § 2255 Motion. Accordingly, an Order to Show Cause was entered. On April 18, 2016, Petitioner filed a Letter/Motion which indicated that he did not intend for a § 2255 Motion to be opened but was simply seeking legal advice from the Public Defender. However, Petitioner also indicated that he was filing a "motion to perserve (sic) a claim under Johnson v. U.S.A." ECF No. 348. On April 25, 2016, Petitioner filed a Response to the Show Cause Order and reiterated that he did not intend to file a Motion to Vacate.  In addition, Petitioner included a Motion for the Court to "appoint counsel to litigate a Welch/Johnson based claim in light of Johnson Retroactivity." ECF Nos. 350/351. On May 16, 2016, the Court entered an Order that granted Petitioner's Motion [ECF No. 348] to the extent that it indicated that he did not intend to filed a Motion to Vacate and dismissed the Motion.  However, the the extent that Petitioner sought to preserve any and all claims under <u>Johnson</u>, the

4

same was denied, and Petitioner was advised that he must take affirmative steps to seek relief under Johnson, if he believed the same to be applicable.

### E. Third § 2255 Motion

In his pending Motion to Vacate, Petitioner requests that the Court reconsider and set aside the judgment in his criminal case pursuant to the Supreme Court's decision in Johnson. Petitioner specifically alleges that Johnson not only invalidated the residual clause of the armed career criminal act, but also the residual clause of the career offender enhancement as found in the sentencing guidelines. Petitioner maintains that he does not qualify for a 4B1 enhancement because he does not have two prior convictions that qualify as predicate offenses under 4B1.2(a). ECF No. 360-1.

### III. ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that one of Petitioner's prior habeas petitions was dismissed on the merits. Doc. No. 321. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. In fact, on June 6, 2016, the Fourth Circuit denied Petitioner motion for authorization to filed a second or successive § 2255 Motion. The opinion by the Circuit noted that Petitioner raised the decision in Johnson as grounds for his §2244 motion. However, in denying the motion, the Fourth Circuit found that "[e]ven if the ruling in Johnson were applicable to the career offender Guidelines, Young still has the requisite number of controlled substance offenses to qualify as a career offender, and his sentence is not affected by Johnson." ECF No. 253. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:16cv109, ECF. No. 1; Criminal Action No. 5:05cr63, ECF. No. 355] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable

FREDERICK P. STAMP, JR., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 2, 2016

*/s Michael John Aloi*
MIVHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE